286 So.2d 565 (1973)
STATE of Florida, Appellant,
v.
Kenneth LOTT, Appellee.
No. 43668.
Supreme Court of Florida.
December 5, 1973.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellant.
Douglas T. Huie, Asst. Public Defender, for appellee.
ROBERTS, Justice.
This cause is before us on direct appeal from order of the Circuit Court of Volusia County discharging the appellee from the crime charged in the information and finding that this Court has abused its constitutional rule making powers in adopting Rule 3.191(b)(1), Criminal Rules of Procedure, 33 F.S.A.
Appellee was arrested on August 29, 1972, and charged with the crime of larceny of a vehicle. He was arraigned and bond was set at $1,000.00 on said charge on August 31, 1972. He was released from Volusia County jail October 25, 1972, when bond was posted. On December 13, 1972, he was arrested in Polk County on another criminal charge, and was tried and convicted in Polk County on January 30, 1973 on which date appellee was released to Volusia County. He was arraigned February 6, 1973, and trial date was set for April 2, 1973.
No demand for speedy trial was made by appellee; however, on March 20, 1973, he filed with the Circuit Court a "Writ of Habeas Corpus, petition of Motion to Dismiss" which alleged that appellee had not been brought to trial as of the 26th day of February, 1973, upon which the one hundred and eightieth day falls and therefore should be discharged in accordance with Florida's speedy trial rule.
Granting appellee's request, the trial court entered an order of discharge on the ground that the Florida Supreme Court had abused its rule-making power by granting the State of Florida an additional six months to try a defendant who is confined in a state prison. The trial judge did find that the state attorney's office had fully complied with the requirements of Rule 3.191(b)(1), Fla.Cr.Pr.R. but concluded, inter alia, that said rule has unequal application based on the status of defendant, *566 that is, whether he is incarcerated in a penal or correctional institution of this state or subdivision thereof or whether he is not so confined.
This rule provides, as follows:
"(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, or trial affidavit, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2)."
This Court unanimously adopted the Speedy Trial Rule 3.191 in February, 1971, pursuant to the constitutional authority granted this Court to adopt rules of practice and procedure in all courts of Florida. Article V, Section 2(a), Florida Constitution, 1973, F.S.A. (formerly Article V, Section 3, Florida Constitution, 1968). The constitutionality vel non of the speedy trial rule was previously questioned before this Court in State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971), wherein a criminal court of record judge denied a motion for discharge brought by defendant pursuant to Rule 3.191 and held the rule to be unconstitutional. Therein, this Court declared that the questioned rule merely provides the procedures through which the constitutional right to a speedy trial is enforced in this state and is a proper exercise of this Court's constitutional power to promulgate rules of practice and procedure. In Ser-Nestler, Inc. v. General Finance Loan Co. of Miami Northwest, 167 So.2d 230 (Fla.App. 1964), the court explicated,
"The Supreme Court is vested with the sole authority to promulgate, rescind and modify the rules, and until the rules are changed by the source of authority, they remain inviolate. This is not to say that a trial court is without authority to construe the rules in applying them to given cases, but this authority does not extend to nullification of the rules. See Strong v. Clay, Fla. 1951, 54 So.2d 193."
The trial court is bound by the decisions of this Court just as the District Courts of Appeal follow controlling precedents set by the Florida Supreme Court. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Sub judice, the trial court erred in failing to observe Rule 3.191(b)(1), which rule the state attorney had fully complied with, and in finding that this Court had abused its discretion in promulgating said rule. Rules of practice and procedure adopted by this Court are binding on the court and clerk as well as litigants and counsel. Bryan v. State, 94 Fla. 909, 114 So. 773 (1927); Esch v. Forster, 99 Fla. 717, 127 So. 336 (1930); Vilsack v. General Commercial Securities *567 Corp., 106 Fla. 296, 143 So. 250 (1932); Kinsey v. State, 179 So.2d 108 (Fla.App. 1965).
Furthermore, although not necessary to the disposition of this cause, we feel compelled to point out that this Court properly exercised its constitutional power in adopting Rule 3.191(b)(1) and did not abuse its rule making authority. Relative to the constitutional guarantee of speedy trial, the Supreme Court of the United States in United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965), stated,
"We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that `The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950. `Whether delay in completing a prosecution... amounts to an unconstitutional deprivation of rights depends upon the circumstances... . The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393. `[T]he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 3 L.Ed.2d 1041."
The court in Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905), had earlier asserted, inter alia,
"Undoubtedly a defendant is entitled to a speedy trial and by a jury of the district where it is alleged the offense was committed. This is the injunction of the Constitution, but suppose he is charged with more than one crime, to which does the right attach? He may be guilty of none of them, he may be guilty of all. He cannot be tried for all at the same time, and his rights must be considered with regard to the practical administration of justice."
We also, recognize the pronouncement of the Supreme Court in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, with which Rule 3.191(b)(1) is in accordance. The pertinent facts of Hooey are that petitioner was indicted in 1960 on a Texas criminal charge. He was prior to the suit and at the time of the proceeding before the Supreme Court (nine years later) a prisoner in the federal penitentiary. For six years from the date he was indicted, petitioner vainly sought speedy trial and in 1967 he filed a motion to dismiss for want of prosecution. Subsequently, he filed a petition for writ of mandamus requesting an order to show cause why the charge against him should not be dismissed. The Texas Supreme Court denied the motion and held that because petitioner was confined in a federal prison, Texas was totally absolved from any duty at all under the constitutional guarantee of speedy trial. Under these particular facts, the Supreme Court of the United States held that a man already in prison under a lawful sentence is also guaranteed a right to speedy trial upon his demand. The court stated, that "Upon the petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for *568 trial." Rule 3.191 insures speedy trial rights of prisoners rather than derogating therefrom. Furthermore, Rule 3.191(b)(2) does provide that a prisoner upon demand for speedy trial filed with the court having jurisdiction and upon service of copy of such demand upon the prosecuting attorney shall be brought to trial within six months (180 days). Other reasons posited by the trial judge in his order of discharge for its conclusion that this Court abused its discretion are without merit.
Accordingly the order of the trial court discharging the defendant is reversed and the information should be reinstated. This cause is remanded for further proceedings not inconsistent with the views herein expressed.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
McCAIN, J., dissents and concurs with ERVIN, J.
ERVIN, Justice (dissenting):
I find I must agree with the trial judge. From my study I am unable to find a constitutional basis for our speedy trial rules doubling in some cases and quadrupling in other cases the time when a person in a Florida prison shall be brought to trial as compared to the lesser time of speedy trial of persons who aren't so incarcerated. Merely because one happens to be serving time in a Florida prison is no rational basis for doubling or quadrupling the time provided generally for speedy trials. This difference in the rules appears to be unequal protection of the laws and arbitrary and aberrant treatment for persons in Florida prisons.
McCAIN, J., concurs.