SMITH, Judge.
 A prisoner in the State’s custody at Union Correctional Institute urges he was subjected to an unreasonable search and seizure in violation of his Fourth Amendment rights, when on a tip but without warrant or exigent circumstances correctional officers required him to open his personal locker, previously locked with a key in appellant’s possession. The locker contained 111 grams of cannabis. Appellant was convicted of its possession. We reject his contention. Although a citizen is not wholly stripped of constitutional protections when imprisoned for crime, search and surveillance necessary for security of the prison must qualify the prisoner’s reasonable expectations of privacy. This prisoner had no immunity from a good faith search for contraband conducted by correctional officers, in his presence, with or without his consent. See Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962) (dictum); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Appellant’s other point on appeal is not meritorious. State v. Lott, 286 So.2d 565 (Fla.1973), cert. denied 417 U.S. 913, 94 S.Ct. 2613, 41 L.Ed.2d 217 (1974).
Affirmed.
BOYER, C. J., and MILLS, J., concur.