PER CURIAM.
Once again a prisoner seeks to challenge the constitutionality of Florida Rule of Criminal Procedure 3.191[1] upon the ground that, as applied, it denies him equal protection pursuant to the provisions of the Fourteenth Amendment to the United States Constitution. Appellant Yost reasons that the subject rule, in establishing a one year time frame of speedy trial for prisoners, when weighed against a 180-day time frame for non-prisoners presents a classic “on the face” deprivation of a fundamental right, and that such classification may withstand an equal protection challenge only if the state can demonstrate a “compelling Interest”. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Yost then argues that such a “compelling state interest cannot be shown”. The identical question was presented to the Supreme Court of Florida in State v. Lott, 286 So.2d 565 (Fla.1973), cert. den. Lott v. Florida, 417 U.S. 913, 94 S.Ct. 2613, 41 L.Ed.2d 217 (1974), which resolved same contrary to Yost’s contention here.
AFFIRMED.
BOYER, C. J., and SMITH, J., concur.
RAWLS, J., specially concurs.

. Fla.R.Crim.P. 3.191(b)(1) states in part:
“. . Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence . . .