ANSTEAD, Judge.
This is an appeal from an order discharging the appellee, Oscar Lewis, under the provisions of the speedy trial rule. The issue is whether Lewis was a “prisoner in Florida” under Rule 3.191(b)(1) of the Florida Rules of Criminal Procedure thereby enlarging the time in which he could be brought to trial from 180 days to one year. We hold that he was and should not have been discharged.
Lewis was arrested for robbery on November 18, 1975 but released on December 11, 1975 because the State failed to file formal charges. Thereafter, he was sentenced to prison for five years on an unrelated criminal conviction on April 27, 1976. On August 26, 1976, while in prison, Lewis was rearrested on the robbery charge. On November 22, 1976 the trial court granted Lewis’ motion for discharge for failure of the State to bring him to trial within 180 days of his initial arrest on November 18, 1975 pursuant to Fla.R.Crim.P. 3.191(a)(1). In so doing the trial court rejected the State’s contention that Rule 3.191(b)(1) should be applied to enlarge the speedy trial time to one year because of Lewis’ subsequent imprisonment on the unrelated charge.
The Florida Supreme Court, faced with almost an identical factual situation, reversed a trial court order which refused to apply Rule 3.191(b)(1) to enlarge the speedy trial time. State v. Lott, 286 So.2d 565 (Fla.1973). In Lott the trial court had held that Rule 3.191(b)(1) was unconstitutional in providing an unequal time schedule for speedy trial without sufficient reason therefor. The Supreme Court opinion upholding the rule basically addressed itself only to the constitutional issue, but the holding of the Court reversed the order of the trial court discharging the defendant and ordered the information reinstated. In other words, we perceive the holding of the Court in that case to be that the 180 day time period did not apply to allow the defendant’s discharge, but rather Rule 3.191(b)(1) applied to extend the time to one year. The Supreme Court will not pass upon a constitutional issue if a case can be decided on other grounds.[1] Hence, the Supreme Court in Lott could have simply held that Rule 3.191(b)(1) was not applicable to the facts present and not passed on the constitutional issue. A holding that Rule 3.191(b)(1) did apply is implicit in the Court’s decision to treat the constitutional issue and reverse the trial court’s order of discharge. We are bound by that decision.
Nevertheless, Rule 3.191(b)(1) is not without ambiguity as to its application to facts such as were involved here and in Lott.
Rule 3.191(a)(1) requires a defendant to be brought to trial within 180 days after he is taken into custody. Rule 3.191(b)(1) enlarges the time for trial to one year:
(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial *95 remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2).
At first glance, the rule seems to define a person covered to be one
. imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information .
This initial language would seem to imply a construction such as Judge Mager discussed-in State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976):
[T]he rule on its face contemplates that the prisoner is already in custody and serving in prison in connection with a crime other than the one for which he is currently being charged . . . . It may also be contemplated that such rule was intended to apply to the circumstances where a defendant was admitted to bail either awaiting trial or awaiting the outcome of an appeal. 336 So.2d 3, 7.
And several decisions have been rendered involving subsequent arrests or imprisonments where the 180 day rule has been held to apply and the applicability of Rule 3.191(b)(1) has not been discussed.[2] Some of these decisions were relied on by the trial court here.
The period of one year provided for trial begins to run when the person is taken into custody or when the charge is filed, whichever is earlier. But clearly the rule is not limited to persons physically in custody since the time may start running “before such person began to serve his term of imprisonment.” So a subsequent imprisonment in an unrelated case after the person is arrested or charged is specifically contemplated by the rule.
Lewis contends that although subsequent imprisonment may be covered it must be limited to a subsequent imprisonment for which sentence had already been passed at the time of arrest or charge. But we can perceive no valid reasons for invoking the rule in the one instance but not in the other. The underlying problem addressed by the rule was recognized by the United States Supreme Court at an early date:
Undoubtedly a defendant is entitled to a speedy trial and by a jury of the district where it is alleged the offense was committed. This is the injunction of the Constitution, but suppose he is charged with more than one crime, to which does the right attach? He may be guilty of none of them, he may be guilty of all. He cannot be tried for all at the same time, and his rights must be considered with regard to the practical administration of justice.[3]
This dilemma was recognized by the Florida Supreme Court in Lott, supra. In responding to an argument that Rule 3.191(b)(1) unfairly deprived a defendant of a speedy trial, the Court pointed out:
Rule 3.191 insures speedy trial rights of prisoners rather than derogating therefrom. Furthermore, Rule 3.191(b)(2) does provide that a prisoner upon demand for speedy trial filed with the court having jurisdiction and upon service of copy of such demand upon the prosecuting attorney shall be brought to trial within six months (180 days).
Thus the court recognized that the prisoner, whether imprisoned before or after the current charges, has the means under the rule to shorten the time in which he may be tried if he so desires. And the rule itself provides that if more than six months of the one year remain when the prisoner is released from imprisonment then the rule shall cease to apply and “the rights of such person and of the State shall be governed by §§ (a)(1) and (2).” In other words the 180 day period shall then apply.
While it might appear easy to criticize the draftsmanship of Rule 3.191 we must be *96 mindful that the problem of insuring speedy trials when multiple prosecutions are involved is no easy task and involves the balancing of the rights of the defendant with the rights of public justice.[4] We can see no violations of the rights of an accused by the provisions of Rule 3.191(b)(1) as we construe them here.
It is our holding, then, that a person who is either already imprisoned on an unrelated charge at the time he is charged or arrested, or who is subsequently imprisoned on an unrelated charge within 180 days, becomes subject to the provisions of Rule 3.191(b)(1). Accordingly, the order discharging the appellant, Oscar Lewis, is reversed and the cause is remanded for further proceedings consistent herewith.
ALDERMAN, C. J., and DOWNEY, J., concur.

. Singletary v. State, 322 So.2d 551 (Fla.1975).

. Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); Walker v. State, 281 So.2d 41 (Fla. 2d DCA 1973); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972).

. Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905).

. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965).