357 So.2d 725 (1978)
Oscar LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 52610.
Supreme Court of Florida.
April 5, 1978.
*726 Richard L. Jorandby, Public Defender and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for petitioner.
David H. Bludworth, State's Atty. and James R. Wolf, Asst. State's Atty., West Palm Beach, for respondent.
HATCHETT, Justice.
The district court has certified to us its decision, reported at 352 So.2d 93 (Fla. 4th DCA 1977), involving a question of great public interest:
Whether the speedy trial time provisions of Fla.R.Crim.P. 3.191(b)(1) apply to a defendant who, after being arrested or charged, is thereafter imprisoned on an unrelated charge?
We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution (1968), and answer this question in the negative.
Petitioner was arrested for robbery on November 18, 1975. He was released on December 11, 1975 because the state failed to file formal charges. Subsequently, on April 27, 1976, petitioner was sentenced to prison for five years on an unrelated criminal conviction. On August 26, 1976, while in prison, petitioner was rearrested on the robbery charge. On November 22, 1976, the trial court granted petitioner's motion for discharge for failure of the state to commence trial within 180 days of the initial arrest. The trial court applied the time limits of Fla.R.Crim.P. 3.191(a)(1)[1] and rejected the state's contention that, because of petitioner's subsequent imprisonment on the unrelated charge, Rule 3.191(b)(1) should be applied to enlarge the speedy trial time to one year.
Fla.R.Crim.P. 3.191(b)(1) states:

(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of *727 time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2).
The constitutionality of this rule was upheld by this court in State v. Lott, 286 So.2d 565 (Fla. 1973), on the grounds that the enlarged speedy trial time period applicable to prisoners serving sentences in our state correctional institutions was based upon a reasonable classification, and did not deny such prisoners equal protection of the laws.[2] This court, in Lott, noted that Rule 3.191 insures the speedy trial rights of prisoners, and authorizes them to file a demand for speedy trial to shorten the time provided for in the rule. No attempt was made, however, to further define in Lott the scope of that rule, which, as noted by the district court below, is somewhat ambiguous.[3] The rule clearly covers those persons who are imprisoned at the time they are arrested or charged with a crime. The subsequent phrase, however, establishing the proper method of computing the commencement of the speedy trial time period under this section, implies that this rule also governs proceedings in which a defendant is arrested or charged with a crime, and is thereafter incarcerated on an unrelated offense during the speedy trial time period.
Our speedy trial rule was promulgated in order to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial. Rules 3.191(b)(1) and (2)[4] *728 recognize that the additional burdens placed upon those persons already serving a sentence of imprisonment are markedly different than those additional restraints placed upon those not in prison. Although the construction imposed upon this rule by the district court is generally consistent with the purpose behind this different treatment, the district court's interpretation, which would make applicable 3.191(b)(1) to persons arrested or charged with a crime and subsequently jailed on an unrelated charge, creates certain undesirable effects. First, the speedy trial time limits can be more easily calculated by prosecutors and defendants if the applicable rule is determined from the defendant's status at the time he is arrested or charged. At the time of the commencement of the running of the speedy trial period, the defendant's status will determine whether the limits as set forth in 3.191(a)(1) or those in 3.191(b)(1) will govern the trial proceedings. Secondly, the district court's interpretation of Rule 3.191(b)(1) would allow the state to avoid the application of the 180 day time limits by incarcerating a defendant even upon a minor charge during the running of that 180 day period, in order to obtain an extension under Rule 3.191(b)(1) for an additional period of time.
Because of these various policy considerations, we therefore construe Section 3.191(b)(1) to make it expressly applicable only to those persons imprisoned "in a penal or correctional institution of this State or a subdivision thereof" at the time they are arrested or charged with additional crimes. We further note that this section applies only to those defendants imprisoned in a state or county penal or correctional institution pursuant to a criminal judgment of guilt and does not apply to those defendants being held in jail while awaiting trial. If one jurisdiction in this state seeks to bring to trial a defendant awaiting trial in another county, the state should affirmatively request an extension of the speedy trial limits under Fla.R.Crim.P. 3.191(d)(2), alleging the existence of this exceptional circumstance.[5]
In the present case, the defendant was not imprisoned at the time he was initially arrested for the robbery. Therefore, the state should have brought him to trial within 180 days. The speedy trial time limits commenced to run on the date of his arrest, November 18, 1975. The state did not file formal charges against petitioner for this crime until after the 180 day period had expired. We do not believe that petitioner's conviction and imprisonment on unrelated criminal charges, more than five months after his initial arrest, should be applied to waive his right to be brought to trial within 180 days. We hold that the trial court correctly granted petitioner's motion for discharge.
Accordingly, the district court's opinion is quashed and the case remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, Acting C.J., and ENGLAND, SUNDBERG and KARL, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(a)(1) provides:

(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall cease to apply whenever a person files a demand for speedy trial under § (a)(2).
[2] In Lott, supra, this court was presented with two issues: (1) whether the Florida Supreme Court abused its rule making power by granting the State of Florida an additional six months within which to try a defendant who is incarcerated elsewhere in Florida for another crime; (2) whether Rule 3.191(b)(1) violates the equal protection clause of the Fourteenth Amendment of the federal constitution.

This court implicitly resolved the equal protection issue in favor of the state's position, as noted by the dissent. However, the court was primarily concerned with the trial court's determination that this portion of the speedy trial rule was an abuse of the Florida Supreme Court's constitutional rule making powers.
[3] The facts involved in Lott are strikingly similar to those involved in this case. There, the defendant was arrested on August 29, 1972 and charged with larceny. He was released on bail, but was arrested on December 13, 1972 in another county on another criminal charge. He was tried and convicted for that subsequent offense on January 30, 1973. Thereafter, he was transferred to stand trial on the initial larceny charge. When the state failed to bring him to trial within 180 days of his arrest on that charge, the trial court discharged him from prosecution. The defendant in Lott apparently never raised the issue concerning the applicability of Rule 3.191(b)(1) to him since he was not imprisoned at the time he was arrested for larceny.
[4] Fla.R.Crim.P. 3.191(b)(2) provides:

(b)(2). Prisoners in Florida; Trial Upon Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within six months and if not brought to trial within such period of time for trial shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the State shall waive objection to merely formal defects in the demand so long as notice of the crime sought to be discharged and the relief otherwise sought is sufficient to inform the court and the prosecuting attorney. The period of time for trial established by this section shall commence when such demand is filed and served; and such period of time for trial shall continue to run if such person is released from confinement during such time, provided the court shall ascertain before granting motion for discharge that such person has been continuously available for trial following such release. If a person who files a demand for trial or for discharge under this rule becomes involuntarily unavailable for trial, the court shall enter such orders as are in the interests of justice. A person who elects to proceed under this section may not thereafter proceed under § (a)(2) unless he first files with the court and serves upon the prosecuting attorney a waiver or abandonment of all motions or proceedings under this section.
[5] Fla.R.Crim.P. 3.191(d)(2) provides:

(d)(2). When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.