RYDER, Judge.
The State appeals the trial court’s order discharging appellee Wright for failure to comply with the applicable speedy trial rule, which the trial court held was Rule 3.191(a)(1), Florida Rules of Criminal Procedure. We hold that Rule 3.191(£> )(1) was the applicable rule; and we therefore reverse.
An information charging appellee with escape was filed on December 28, 1977. He was arrested pursuant to a capias on January 12,1978. An amended information was filed on June 29, 1978. On August 8, 1978, the parties stipulated that, at the request of the State, the case would be continued “until that period of time when it is reset for trial” and the speedy trial time would be tolled from August 8, 1978 “until the date that this cause is reset for trial.” The stipulation was apparently filed on September 6, 1978. On December 29, 1978, the information was again amended.
On January 9, 1979, appellee filed a motion for discharge on the ground that he had not been brought to trial within the time required by Rule 3.191(a)(1), or, in the alternative, that he had not been brought to trial within 180 days pursuant to Fla.R. Crim.P. 3.191(b)(2), relating to prisoners in Florida, demand having been made on February 15, 1978.
At the hearing on the motion, evidence was presented showing that appellee had been tried, convicted and adjudicated guilty of grand larceny and was in jail awaiting sentencing when he escaped. He was sentenced for the grand larceny on January 16, 1978, which was four days after he was again taken into custody pursuant to the capias for the escape charge.
The parties stipulated that a demand had been made on February 15, 1978. On December 26, 1978, following the August 1978 continuance, the case had been reset for trial. Appellee’s position was that 186 days had thus run — 173 days from February 15, 1978, the date of the demand, to August 8, 1978, the date of the stipulation for continuance; and 13 days from December 26, 1978, the date trial was reset, to January 9, 1979, the date the motion for discharge was filed.
However, the prosecutor and Kenneth Garber, the assistant public defender who was representing appellee at the time the stipulation was entered into and who signed the stipulation, testified that the understanding they had concerning the stipulation was that speedy trial would be tolled until the date appellee’s trial actually began.
The trial court ruled that under the stipulation, speedy trial was tolled until the date appellee’s trial actually began. However, the trial court ruled that Rule 3.191(a)(1), requiring trial within 180 days, was applicable here and therefore discharged appellee.
*301 -The State contends that Rule 3.191(b)(1) is applicable to appellee sub judice. That rule provides in pertinent part:
Except as otherwise provided, á person who is imprisoned in a penal, or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence . . . ; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, qr when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment.
In Lewis v. State, 357 So.2d 725 (Fla. 1978), the defendant was arrested for robbery on November 18, 1975, but was released on December 11, 1975, because the State failed to file formal charges. On April 27, 1976, he was sentenced to five years in prison for an unrelated crime. On August 26, 1976, while in prison, he was rearrested on the original robbery charge. The trial court granted a motion for discharge on November 22, 1976, bécause the State failed to try him within 180 days of the original arrest pursuant to Rule 3.191(a)(1). The Florida Supreme Court agreed with the trial court and rejected the State’s suggestion that Rule 3.191(b)(1) was applicable, stating at 728:
we therefore construe Section 3.191(b)(1) to make it expressly .applicable only to those persons imprisoned “in a. penal or correctional institution of this State or a subdivision thereof’’., at the time they are arrested or charged with additional crimes. We further note that this section applies only to thosetdefend-ants imprisoned in a state or county penal or correctional institution pursuant to a criminal judgement of guilt and does not apply to those defendants being held in jail while awaiting a trial. [Emphasis supplied.]
In Cradduck v. State, 360 So.2d 416 (Fla. 1978), the Florida Supreme Court stated in answer to a certified question that Rule 3.191(b)(1) does not apply to a defendant who, after being arrested or charged, is thereafter imprisoned on an unrelated charge, citing Lewis.
In the instant case, appellee may not yet have been recaptured and thus may not have been in custody at the time the information charging escape was filed. However, he had been imprisoned in a county jail pursuant to an adjudication of guilt announced on March 16, 1976, prior to his escape on April 18, 1976, and could be expected to be and was, in fact, reimprisoned pursuant to that judgment of guilt upon his recapture.
The policy considerations behind the holding in Lewis were stated at page 728, to be as follows:
First, the speedy trial time limits can be more easily calculated by prosecutors and defendants if the applicable rule is determined from the defendant’s status at the time he is arrested or charged. At the time of the commencement of the running of the speedy trial period, the defendant’s status will determine whether the limits as set forth in 3.191(a)(1) or those in 3.191(b)(1) will govern the trial proceedings. Secondly, the district court’s interpretation of Rule 3.191(b)(1) would allow the state to avoid the application of the 180 day time limits by incarcerating a defendant even upon a minor charge during the running of that 180 day period, in order to obtain an extension under Rule 3.191(b)(1) for an additional period of time.
We believe that the policy considerations set forth above will be promoted by applying Rule 3.191(b)(1) to defendants in appel-lee’s position.
*302 We hereby reject appellee’s contention that he was not a “prisoner” within the meaning of the rule when the capias was served because sentence on the grand larceny charge had not yet been imposed. Lewis held Rule 3.191(b)(1) applicable to “those defendants imprisoned . . . pursuant to a criminal judgment of guilt”, “at the time they are arrested or charged with additional crimes” (emphasis supplied). Lewis did not require that such defendants be under a formal sentence, and we see no basis for engrafting such a requirement onto the rule.
We hold that appellee falls within the class of defendants to whom Rule 3.191(b)(1) is applicable. The order discharging appellee is therefore REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
GRIMES, C. J., and SCHEB, J., concur.