SHARP, Judge.
The appellant was convicted of two counts of breaking and entering with intent to commit a felony, in Hernando County. He filed a belated Notice of Appeal on February 15, 1979, pursuant to the order of the Second District Court of Appeals dated January 30, 1979. The Fifth District Court of Appeals subsequently received this appeal by transfer. The appellant urges that the trial court erred in denying the appellant’s Motion for Discharge pursuant to Florida Criminal Rule 3.191(a)(2). We disagree, and affirm the appellant’s conviction.
The appellant was arrested in Pasco County on September 3, 1975, and was convicted on November 19, 1975 of seven counts of breaking and entering, seven counts of grand larceny, and one count of drug abuse. While being held in Pasco County, in July of 1975, the appellant gave *275 a statement to police officers from Hernan-do County, admitting involvement in thefts of property from the Days Inn Motel, near Brooksville. An information was filed against him by Hernando County authorities on October 8, 1975. He was transported from the Pasco County jail to Hernando for his arraignment on December 2, 1975. On that day he made a request for speedy trial with Hernando, filed in open court. The trial in Hernando County commenced on February 23, 1976, and concluded on February 27, 1976.
The issue in this case, for which we have found no controlling authority, is whether Rule 3.191(a)(2) or Rule 3.191(b)(2) of the Florida Rules of Criminal Procedure apply to the appellant’s demand for speedy trial. Rule 3.191(a)(2) provides that:
every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction ... be brought to trial within 60 days ... If such person is serving in Florida ... a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b)(2) of this Rule if such have been initiated.
Rule 3.191(b)(2) provides:
. a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall upon demand filed with the court having jurisdiction be brought to trial within six months .
Under both rules, the event which commences the running of the time for speedy trial is clearly the date of the defendant’s demand for trial. Less clear however, is determination of whether Rule 3.191(a)(2) or 3.191(b)(2) apply to the appellant. The trial in Hernando was not timely if Rule 3.191(a)(2) applies; but it was timely if Rule 3.191(b)(2) applies.
 The Florida Supreme Court in Lewis v. State, 357 So. 2d 725 (Fla.1978), held that the application of the speedy trial rules, which govern situations where no demand is made, depends upon the status of the defendant at the time he is arrested or charged with additional crimes. For the state to have the benefit of the longer time period in Rule 3.191(b)(1), the defendants must be imprisoned:
. ‘in a penal or correctional institution of this State or a subdivision thereof’ at the time they are arrested or charged with additional crimes. We further note that this section applies only to those defendants imprisoned in a state or county penal or correctional institution pursuant to a criminal judgment of guilt and does not apply to those defendants being held in jail while awaiting trial.
Id. 728.
Applying the principles of the Lewis case, the Second District Court of Appeals held in State v. Wright, 375 So.2d 299 (Fla. 2nd DCA 1979), that Rule 3.191(b)(1) applied to the situation where the defendant was convicted and being held in the county jail, but had escaped at the time the information charging other offenses was filed. Like Lewis, 'the Wright case dealt with the situation where no demand for speedy trial was made.[1]
The controlling and salient factor in Rule 3.191(a)(2) and Rule 3.191(b)(2) is not the defendant’s arrest or date charges are filed; rather it is the time when the demand for speedy trial is properly filed. The times under Rules 3.191(a)(2) and 3.191(b)(2) are much shorter than those under Rules 3.191(a)(1) and 3.191(b)(1). Rule 3.191(a)(2) *276 expressly contemplates that a defendant may be serving in Florida or elsewhere, a sentence of imprisonment for an unrelated crime. If so, Rule 3.191(a)(2) provides that it shall not apply until such person is “no longer imprisoned and becomes available for trial.” Implicit in the Rule, although not expressly stated, is the inference that it is the time of the demand for speedy trial that determines whether 3.191(a)(2) or 3.191(b)(2) applies. If it were the time of the filing of the information or arrest which controls, the state could be severely prejudiced in bringing a defendant to trial in too short a time period, if he is incarcerated under a criminal sentence by other authorities in Florida, or elsewhere. We hesitate to construe this rule in a manner that could unduly pressure the state in bringing a defendant to trial, when there has been no undue delay by the state. See State v. Smail, 346 So.2d 641 (Fla. 2d DCA 1977).
The appellant was convicted of other felonies and was being held in the county jail in Pasco County at the time he demanded speedy trial in Hernando County. Rule 3.191(b)(2) required that he be brought to trial within six months of his demand. He clearly was brought to trial within that time period. His trial commenced on February 23, 1976, after he demanded speedy trial on December 2, 1975. The trial court’s denial of appellant’s motion for discharge is hereby affirmed.
AFFIRMED.
DAUKSCH, C. J., and UPCHURCH, J., concur.

. It is clear there would be no violation of Rule 3.191(a)(1) in this case, had the appellant not demanded a speedy trial, because the defendant was brought to trial within 180 days of the information being filed in Hernando County;- and he was not arrested by Hernando authorities until taken by. them to his arraignment on December 2, 1975. State v. Bassham, 352 So.2d 55 (Fla.1977).