DANIEL S. PEARSON, Judge.
Henshaw asks us to reverse judgments of convictions entered in Dade County in five separate cases upon nolo contendere pleas which specifically preserved his right to appeal from the trial court’s denial of his motions for discharge. His motions were grounded upon the State’s failure to bring him to trial within 180 days of his arrests, the time limit fixed in Florida Rule of Criminal Procedure 3.191(a)(1).
These cases commenced with sequential arrests of Henshaw in August and September 1976. It is undisputed that Henshaw was not brought to trial within 180 days of any of the arrests and undisputed that Hen-shaw did nothing within the speedy trial periods which would constitute a waiver of his right to be tried within the time prescribed by the rule. The State claims, however, that the controlling speedy trial period is the one-year period set forth in Florida Rule of Criminal Procedure 3.191(b)(1), which had not expired when Henshaw moved for discharge and entered his pleas, and that, assuming the applicability of the shorter period in Rule 3.191(a)(1), motions to compel discovery filed by Henshaw in two of these cases after 180 days had elapsed demonstrated Henshaw’s unavailability for trial and disentitled him to the benefits of the rule.[1]
The State’s first argument arises from the fact that in early 1977, during the running of the 180-day periods, Henshaw was incarcerated in Broward County and in Monroe County. The State claims that these incarcerations converted Henshaw into a “prisoner” within the meaning of Rule 3.191(b)(1), thus making that rule applicable. It is clear that since Lewis v. State, 357 So.2d 725 (Fla.1978), a person’s status as a prisoner is to be determined as of the time of the arrest which triggers the commencement of the speedy trial period. Thus, under Lewis, Henshaw was not a prisoner in August and September 1976, and his later incarcerations in Broward and Monroe did not bring Rule 3.191(b)(1) into *795 play. The State says, however, that in 1977 when Henshaw moved for discharge, the trial court could have properly relied on pre-Lewis law, see, e. g., State v. Lott, 286 So.2d 565 (Fla.1973), in concluding that the one-year rule was applicable even where the prisoner status arises after the commencement of the speedy trial period. The State urges that Lewis should not be retroactively applied to cases, as the present one, which arose before that decision.
We need not concern ourselves with the retroactivity vel non of Lewis. The only change in the law which can be said to have been effected by Lewis relates to the time at which a person is deemed to be a prisoner so as to activate Rule 3.191(b)(1). Lewis effected no change in the requirement of Rule 3.191(b)(1) that in order to be a prisoner, one must be incarcerated pursuant to a judgment of guilt. See State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976). It being clear that Henshaw’s incarceration in Broward and Monroe Counties was not pursuant to any judgment of guilt, and was merely detention awaiting trial,[2] when Henshaw was jailed in those counties as well as the question of Lewis’ retroactivity are both irrelevant. We conclude, therefore, that Henshaw is correct in his contentions that Rule 3.191(b)(1) is inapplicable and that the State was required to bring him to trial within 180 days of his arrests.
We turn now to the State’s contention that Henshaw’s motion to compel discovery, filed in two of the cases well after the speedy trial time had expired, but before he moved for discharge, disentitles him to relief. Since Henshaw’s discovery efforts were not being engaged in or pending at the expiration of the speedy trial period so as to evidence Henshaw’s unavailability for trial at that moment, see Rutledge v. State, 374 So.2d 975 (Fla.1979); Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla.1974), the motion to compel did not divest him from his right to discharge. White v. State, 338 So.2d 256 (Fla. 4th DCA 1976). See also Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980); Llanusa v. Glickstein, 376 So.2d 45 (Fla. 4th DCA 1979); Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976). Accordingly, the judgments appealed are
Reversed.

. While motions were filed in only two of the cases, our disposition of this appeal makes it unnecessary for us to consider these cases separately from the other three.

. Henshaw was ultimately found guilty and adjudicated in Broward and Monroe Counties. That occurred, however, after the 180-day speedy trial periods in Dade County had run. The State says that since he was given credit for time served when sentenced in Broward, he was in effect a prisoner under a judgment of guilt earlier and within the 180-day period. We reject this argument. It is enough to say that to accept it could preclude a defendant from the benefits of the 180-day period in any case where credit for time served before the period began is later given.