NESBITT, Judge.
The defendant (a juvenile certified to be tried as an adult) appeals his adjudication and sentence for burglary entered on a plea of nolo contendere with the express reservation to challenge the underlying order of the trial court denying his motion for discharge pursuant to the speedy trial rule.[1] We agree he was entitled to be discharged and reverse.
On October 10, 1979, the defendant was arrested for an unrelated burglary. While in custody, it came to the attention of a police officer that the defendant was wearing a ring which was connected with a second burglary for which the defendant was adjudicated and sentenced and from which he now appeals. When it came to the officer’s attention that the ring might be property from the second burglary, the defendant was given his Miranda warnings, subjected to custodial interrogation, and confessed. An affidavit of arrest for this second burglary was then filed.
It was not until November 21, 1979 that the State Attorney filed an information charging him with this second burglary. A capias was issued on that date but was not executed until February 4, 1980. During the ensuing period, the defendant was held in detention in a juvenile facility. On April 14, 1980, he filed a motion pursuant to Florida Rule of Criminal Procedure 3.191(a)(1), alleging that he was entitled to discharge since more than 180 days had elapsed since his arrest on October 10, 1979. Because he was in juvenile detention for *802 some or all of the period, the trial court found that the one-year limitation for prisoners prescribed by Florida Rule of Criminal Procedure 3.191(b)(1) was applicable and consequently denied his request.[2]
Florida Rule of Criminal Procedure 3.191 provides that the time period set forth by the rule beings to run when the person is taken into custody and arrested as a result of the conduct or criminal episode giving rise to the crime charged. A juvenile who has been certified to be tried as an adult is entitled to be brought to trial, pursuant to the speedy trial rule within 180 days from the date he is taken into custody. In this case, the defendant was taken into custody and charged with the second burglary on October 10,1979. The provisions of Florida Rule of Criminal Procedure 3.191(b)(1) [one-year rule for Florida prisoners] apply only to prisoners in penal and correctional institutions pursuant to criminal adjudication at the time they are arrested or charged with additional crimes. Lewis v. State, 357 So.2d 725 (Fla.1978). Under Section 39.10(4), Florida Statutes (1979), an adjudication that a juvenile has committed a delinquent act cannot be deemed a conviction and therefore such adjudication will not bring the defendant under the purview of Florida Rule of Criminal Procedure 3.191(b)(1) so as to toll the speedy trial rule.
For the foregoing reasons, the defendant’s judgment of conviction is reversed.

. Fla.R.Crim.P. 3.191(a)(1) [180 days].

. The 1980 amendment to the speedy trial rule [effective January 1, 1981, In Re Rules of Criminal Procedure, 389 So.2d 610 (Fla.1980)] changed the “one-year” rule. Prisoners in Florida institutions are now treated like any other defendant.