# STATE OF FLORIDA v. HIGDON

## Case No. V82-14261-B

Seventh Judicial Circuit, Volusia County

February 22, 1984

**APPEARANCES OF COUNSEL**

State Attorney's Office for plaintiff.

Public Defender's Office for defendant.

**OPINION OF THE COURT**

NORTON JOSEPHSON, County Judge.

*ORDER*

THIS CAUSE came on to be heard on the defendant's Motion to Set Aside his "no contest" plea because of ineffective counsel and Motion for Discharge under the Speedy Trial Rule 3.191(a)(1).

The facts in the case are typical of the shortcomings in our court system and the lack of communication between arresting agencies, state prosecutors and superficial representation by the public defenders and defendants in custody on misdemeanor charges.

On September 12, 1982, a complaint was filed with the State Attorney's Office in Volusia County charging the defendant with criminal mischief. A summons was issued ordering the defendant to appear for arraignment, and mailed to the defendant at his last known address in Jacksonville, Florida. The defendant failed to appear and a capias was issued with a bond set at $250.00. No further action was taken until May 15, 1983, when the defendant was arrested in Jacksonville on the capias issued on 10/29/82. The defendant was taken into custody by the Duval County Sheriff's Office, where he was fingerprinted, photographed and kept in custody for at least 25 hours. When the Duval County Sheriff's Department notified the Volusia County Sheriff's Department of the defendant's incarceration, the Duval County Sheriff's Department was instructed to release the defendant because they would not go to Duval County to get the defendant to return him to Volusia County to answer the charges pending against him. Thereupon the defendant was released without any instructions as to when he was to appear in Volusia County to answer the charges of criminal mischief.

In November of 1983 the defendant was arrested in Orange County on the charge of retail theft, where he pled guilty and served thirty days in jail. The capias previously issued in October, 1982, was still in the computer and the Orange County Sheriff's Department held the defendant in custody after he served his time on the retail theft charge when he was thereafter transferred to Volusia County on January 9, 1984. The defendant appeared before the Volusia County Court Judge on January 25, 1984, for the purpose of entering a plea. The defendant contends that this was the first time he saw his attorney, an Assistant Public Defender, and was unable to apprise him of the facts in his case so that a timely motion for discharge could be made, but rather the defendant was presented with an offer he could not refuse; that is, plead no contest and get time served. The defendant did enter a plea of no contest but instead of getting time served the defendant was placed on probation with the Salvation Army for the express purpose of making restitution to the victim.

The defendant now contends that he had inadequate counsel and that he should have been discharged under the Speedy Trial Rule.

The arraignment of January 25, 1984, was what is known in Volusia

County as a "get 'em out of jail" arraignment, where a person who is in custody for a sufficient period of time to satisfy a just sentence that would have been imposed had he pled guilty at a regular arraignment or was found guilty after trial would have received a sentence equal to or even less than the time he was serving awaiting arraignment or trial. There is very little investigation of the facts of the case either by the State Attorney's Office or the Public Defender's Office in order to evaluate whether the case is warranted for the filing of an information or the entry of a guilty or no contest plea. However, it is a method of reducing the jail population and disposing of cases in a perfunctory manner. It hardly comports with the true administration of justice, but it is a proceeding where the ends justifies the means. Most of these defendants are truly guilty and it affords them an opportunity to get out of jail without serving superfluous time while waiting to go through the intricate procedure of arraignment, pre-trial and trial.

But where a defendant has a valid defense or alleges a substantial procedural deficiency in his case, the Court should have no hesitancy in setting aside the guilty or no contest plea made at these early arraignments sessions. In that way the administration of justice is put back on its proper course.

Therefore, this Court does hereby set aside the defendants no contest plea and entertain his motion for discharge under the Speedy Trial Rule.

Under Section 3.191(2)(4) a person is taken into custody when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged.

There is no question that the defendant herein was taken into custody by the Duval County Sheriff's Department on May 15, 1983, where he was fingerprinted, photographed and kept incarcerated for over 24 hours. It is the Courts' opinion that the speedy trial period began to run on that date. Thereafter, the defendant was available for trial at all times, living either in Duval or Orange Counties.

When he was re-arrested in November, 1983, in Orange County, the speedy trial period had long run.

The state contends that it should not be penalized because neither the Sheriff of Duval County or Volusia County notified the State Attorney's Office of the defendant's arrest on May 15, 1983. In *State v. Kelly*, 407 So.2d 257, the Second District Court of Appeals held:

"The Florida Speedy Trial rule requires that the State bring the defendant to trial within a specified period. Neither a police depart-

ment or the State Attorney's Office may circumvent this requirement by means of charging or prosecuting procedures."

This Court amplifies that rule by stating that the defendant should not be penalized because the Duval County Sheriff's Department of the Volusia County Sheriff's Department failed to notify the State Attorney's Office in Volusia County of the defendant's arrest in May of 1983.

The State next contends that Rule 3.191(b)(1) should apply because the defendant was a prisoner incarcerated in a jail outside the jurisdiction of Volusia County.

In *Lewis v. State,* 357 So.2d 725, the Supreme Court of Florida held that Rule 3.191(b)(1) applies only to those defendants imprisoned in a County correctional institution pursuant to a criminal judgment of guilty and does not apply to the defendants being held in jail awaiting trial. (See also *Marrero v. State,* 381 So.2d 274)

In the case at bar the defendant was not a prisoner pursuant to a criminal judgment of guilty, but rather a defendant not only awaiting trial but ready at any time to be notified of his arraignment. Therefore, Rule 3.191(b)(1) does not apply.

It is therefore

ORDERED AND ADJUDGED that the defendant's Motion to Set Aside his No Contest plea be and the same is hereby granted, and it is further

ORDERED AND ADJUDGED that the defendant's Motion for Discharge under the Speedy Trial Rule is hereby granted and the defendant is forever discharged from the crime charged against him as a result of the conduct or criminal episode which occurred on September 12, 1982, in Volusia County.