287 So.2d 415 (1973)
STATE of Florida, Appellant,
v.
Richard Eugene WILLIAMS and William L. Williams, Appellees.
No. 72-27.
District Court of Appeal of Florida, Second District.
December 19, 1973.
*416 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
William N. Avera, Gainesville, for appellee William L. Williams.
C. Harris Dittmar, Jacksonville, for appellee Richard Eugene Williams.
GRIMES, Judge.
This case offers a severe test of the Speedy Trial Rule.
On January 2, 1969, an indictment was returned charging appellee, Richard Eugene Williams, with felony-murder, second degree arson and conspiracy to commit arson, and appellee, William L. Williams, with conspiracy to commit arson. On July 7, 1970, the lower court dismissed the charge of felony-murder with prejudice, and dismissed the arson and conspiracy charges with leave to the State to file a new indictment or information with respect to those charges within thirty days.
The State filed an information on August 4, 1970, charging both appellees with four counts of second degree arson. On the same date, the State entered its appeal from the order dismissing the felony-murder charge against Richard Eugene Williams.
The case was in that posture on February 24, 1971, when the Supreme Court promulgated the Speedy Trial Rule, Rule 3.191, CrPR 33 F.S.A. This rule required the trial of any person taken into custody prior to its effective date to be commenced within 180 days from the adoption of the rule, to-wit: on or before August 23, 1971. In re Florida Rules of Criminal Procedure, Fla. 1971, 245 So.2d 33, 37.
*417 A hearing on appellees' pre-trial motions was scheduled for August 4, 1971, and the trial was set to commence on August 23, 1971. Pursuant to the request of appellees' counsel, the hearing on the motions was rescheduled from August 4, 1971, to September 7, 1971.
In the meantime, the Supreme Court on August 19, 1971, amended the Speedy Trial Rule to provide that the trial of any person taken into custody prior to the effective date of the Rule who was released upon bail and made no demand for a speedy trial should be commenced on or before November 1, 1971. In re Florida Rules of Criminal Procedure, Fla. 1971, 251 So.2d 537.
On October 27, 1971, this Court affirmed the order dismissing the felony-murder charge. State v. Williams, Fla.App. 1971, 254 So.2d 548. Thereafter, on November 29, 1971, the State obtained an order setting the appellees' trial on the arson charges for January 11, 1972.
On December 15, 1971, appellees moved for a discharge upon the ground they had been denied a speedy trial as guaranteed by state and federal Constitutions and by the amended Speedy Trial Rule. On December 22, 1971, the lower court entered an order discharging the appellees from further prosecution. The State appeals that order.
The State's primary contention is that the appellees waived the strict time requirements of the Speedy Trial Rule by having obtained a postponement of the hearing on the pretrial motions. The original agreement to postpone the hearing was made orally between counsel.[1] On July 12, 1971, the State Attorney with a view toward confirming their prior discussion wrote the attorney for one of the appellees a letter in which he said it was his understanding that by reason of appellees having requested the postponement, it was not their intention to hold the State to the 180 day time period then required under the Speedy Trial Rule. On August 25, 1971, counsel wrote the State Attorney advising it was appellees' position that the time requirements of the Rule would be tolled only for the period of time equivalent to the extension; that is to say, the number of days from August 4, to September 7. Nothing further on this subject was put in writing and the matter was not brought before the court until the hearing on the motion to discharge.
The State contends that having requested a postponement on the hearing of the pre-trial motions, the appellees waived the time requirements under the Speedy Trial Rule and were only entitled to a trial within a reasonable length of time pursuant to the authority of State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861.
Referring to a continuance granted at the defendant's request in that case, the Supreme Court said:
"... When the continuance was granted, the time limitations in the rule were no longer applicable and the Court had the right and authority to set the case for trial within a reasonable time."
Appellees point out that Butler involved the continuation of a trial, whereas here there was only a postponement of the hearing on pre-trial motions. Nevertheless, the pre-trial motions had to be disposed of before the trial, and the practical effect of postponing the hearing was to delay the trial then scheduled for August 23, 1971.
The main problem encountered by the State is the wording of the Rule itself. Subsection (d) (2) reads as follows:
"(d) (2). When Time May Be Extended.  The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper *418 person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused."
The stipulation between counsel, whatever its terms may have been, was never presented to the court, and no order was entered extending the time for the trial.
This court in Eastwood v. Hall, Fla. App. 1972, 258 So.2d 269, held that a stipulation having the effect of extending the operation of the Speedy Trial Rule which was made in open court constituted a sufficient compliance with the requirement of having a written stipulation. Our sister court in State v. Earnest, Fla.App. 1972, 265 So.2d 397, went further and recognized an oral out-of-court understanding between defendant's counsel and the State Attorney as sufficient compliance with the Rule. However, in that case, there was no dispute concerning the terms of the stipulation.
In the instant case, the State Attorney viewed the stipulation as having the effect of totally waiving further compliance with the Speedy Trial Rule, whereas appellees' counsel took the position they had stipulated only for an extension equivalent to the time the pre-trial hearing was postponed. Cf. Kniffin v. Hall, Fla.App. 1972, 262 So.2d 900. This points up the wisdom of the Rule in requiring that the stipulation be signed in proper person or by counsel for the party against whom the stipulation is sought to be enforced. Overlooking for the moment that the stipulation was not timely presented to the court, the only written evidence relating to the extension signed by appellees' counsel reflects that the time period was to be extended 34 days. If 34 days were added to November 1, 1971, this would mean that the time within which to bring the appellees to trial would have expired on December 5, 1971.
Moreover, the fact remains that when he received the letter dated August 25, 1971, the State Attorney knew appellees were going to take the position that the time was being extended only 34 days. At that point, the State Attorney had more than two months within which to bring the case to trial, even if the time was not extended beyond November 1.
Possibly, the reason the State did not choose to bring the case quickly on for trial is that it was awaiting the result of the appeal it had taken from the dismissal of the felony-murder charge. The State may have been reluctant to go to trial on its pending information for fear it would be faced with a double jeopardy defense should the dismissal of the felony-murder charge be ultimately reversed and the charge thereafter prosecuted. While the Rule does not specifically provide for an extension where there is a pending appeal from a dismissal of a charge arising out of the same circumstances upon which the pending information is based, in our judgment such a circumstance could have properly been the subject of a timely motion for extension. We note that clause (iv) of subsection (d)(2) provides that an extension may be granted because of a necessary delay resulting from "proceedings including but not limited to" specifically enumerated circumstances.
However, when the hearing on the motion for discharge was held, no order of extension had been entered and the time *419 had expired.[2] Therefore, the judge had to grant the motion pursuant to subsection (d)(3), unless the failure to hold the trial could be said to be due to "the unexcused actions or unexcused decisions" of the appellees.
By the entry of the order of discharge, the lower court necessarily concluded that the delay was not caused by the appellees, and we cannot say that this was error.
Upon the request of this court, the parties were asked to submit additional argument with respect to whether the circumstances of this case might fall within subsection (g) of the Rule which reads as follows:
"(g) Effect of Mistrial, Order of New Trial.  A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time."
If read literally, this subsection would appear to have no application even to those situations where an order dismissing an information has been overturned on appeal, because there has never been a "trial." On the other hand, there is no specific provision in the Rule for a first trial after reversal of an order dismissing an information. Therefore, it would be logical to assume that the Supreme Court intended for the 90 day period specified in CrPR 3.191(g) to apply to a trial under those circumstances.[3] However, we fail to see how this subsection could be availed of to extend the time for trial of other charges, independently filed, though arising out of the same transaction.
At first blush, it appears in this case that the wheels of justice have become bogged down in a morass of legal technicality. However, the result may not necessarily be unfair. After all, appellees were arrested nearly five years ago, and they have still never had a trial. The warning flags were up in time for the State to do something about it, and no action was taken. If nothing else, perhaps the case may stand for the proposition that a speedy trial is a substantive right to which one shall not lightly be deprived.
The order of discharge is affirmed.
MANN, C.J., and McNULTY, J., concur.
NOTES
[1] The accused's right to a speedy trial can be waived by his attorney. State v. Earnest, Fla. App. 1972, 265 So.2d 397.
[2] As this court said in Esperti v. State, Fla. App. 1973, 276 So.2d 58, 64:

"... As we interpret the rule the extensions are to be actually granted or denied by the court and should not be presumed. It is the order and not the circumstances which should toll the rule... ."
[3] Until such time as the wording of the Rule is modified or a definitive court ruling is made, prosecutors may wish, as a matter of prudence, to timely move for extensions wherever it appears that a pending appeal from an order of dismissal will not be decided until the time for trial has expired.