**STATE v. DRAYTON.**
Nos. 73-1529 and 73-1530.
Circuit Court, Dade County.
October 25, 1974.

Richard E. Gerstein, State Attorney, Milton Robbins Assistant State Attorney, for the state.

Phillip A. Hubbart, Public Defender, Mark King Leban, Assistant Public Defender, for the defendant.

LEWIS B. WHITWORTH, Circuit Judge.

This cause having come before this court pursuant to the defendant's motion for discharge and the court having heard arguments of counsel for the defendant and for the state, and being fully advised in the premises, makes the following findings of facts and conclusions of law —

On April 2, 1974, the District Court of Appeal, Third District, issued its decision in consolidated case numbers 73-860 and 73-1155, reversing and remanding the defendant's convictions for robbery in circuit court case numbers 73-1529 and 73-1530.

No petition for rehearing was filed by the state and the mandate of the Third District was received and filed in the office of the clerk of this court on April 19, 1974.

On May 2, 1974, thirty days after the issuance of the opinion of the Third District, the state filed a petition for writ of certiorari in the Florida Supreme Court.

The filing of the state's certiorari petition within thirty days of the date from which the Third District's opinion was issued did not have the effect of staying the proceedings either in the Third District or in the circuit court pursuant to Rule 4.5(c)(6), Florida Appellate Rules.

The above appellate rule clearly provides that if a certiorari petition is filed outside of the fifteen day period provided in said rule, "such petition for certiorari shall operate as a stay of such proceedings *only* upon the order of the Supreme Court or the chief justice after due notice to the adverse party." (Emphasis added.)

There has been no order granting a stay of proceedings in this cause by any court as is evidenced by the exhibits appended to the defendant's motion for discharge. Accordingly the proceedings have never been stayed pending the state's petition for certiorari, and pursuant to Rule 3.191(g), R.Cr.P., the defendant was entitled to discharge unless tried on or before July 18, 1974. See Carroll v. State, 251 So.2d 866 (Fla. 1971); Esperti v. State, 276 So.2d 58 (Fla. 2d Dist. 1973); State v. Williams, 287 So.2d 415 (Fla. 2d Dist. 1973); State v. Interest of J.H., 295 So.2d 698 (Fla. 1st Dist. 1974).

Based on the above findings of fact and conclusions of law, it is ordered and adjudged that the defendant is discharged from circuit court case numbers 73-1529 and 73-1530.