336 So.2d 3 (1976)
STATE of Florida, Appellant,
v.
Frank Junior WISE, Appellee.
No. 75-1673.
District Court of Appeal of Florida, Fourth District.
August 6, 1976.
*5 David H. Bludworth, State's Atty., Ann E. Vitunac, Asst. State's Atty., and Timothy S. Condon, Legal Intern, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and James R. Merola, Sp. Asst. Public Defender, West Palm Beach, for appellee.
MAGER, Chief Judge.
This is an appeal by the state from an order granting defendant's motion to discharge under the speedy trial rule.
The state has denominated this appeal as "interlocutory"; although no issue has been raised regarding the propriety of this method of review we are of the opinion that an interlocutory appeal will not lie. An order granting a motion to discharge under the speedy trial rule is in the nature of final disposition of the proceeding in the trial court and subject to review by a plenary appeal. State v. Johnson, 287 So.2d 322 (Fla.App.3d 1973). In light of the constitutional pronouncement "that no cause shall be dismissed because an improper remedy has been sought" and in the exercise of this court's discretion under the particular circumstances of this case the court will entertain this appeal even though improvidently styled as an interlocutory appeal. Article V, sec. 2, Fla.Constitution; see also Shute v. Keystone State Bank, 159 So.2d 106, 108 (Fla.App.3d 1963).
The record reflects that on September 18, 1968, defendant was convicted of three counts of assault with intent to commit a felony, to wit: robbery, for which he was sentenced to three terms of 15 years each in the state correctional system to run concurrently. The defendant was committed to Glades Correctional Institution and in 1974 was participating in a community work release program.
On June 28, 1974 while on work release program it appears that defendant was fired from his job and while being transported *6 back to the prison in a truck driven by an employee of the firm for whom defendant was working, defendant left the truck and allegedly was not seen again.
On July 2, 1974, an affidavit was filed setting forth the circumstances surrounding defendant's departure and subsequently on July 10, 1974, an information was filed charging defendant with escape with capias thereafter having been issued.
On September 14, 1974 defendant turned himself in to the authorities. Trial on the escape charge was thereafter set for August 18, 1975. On the morning of the day of trial a hearing was held on defendant's motion for discharge, the contention having been made that defendant was not brought to trial within one year after the date the information was filed. It was the state's position, essentially, that the time periods in the pertinent portions of the speedy trial rule did not begin to run until after the defendant was re-taken into custody, i.e. September 14, 1974, and, furthermore, that defendant was not continuously available for trial upon the charge of escape until September 14, 1974.
The provisions of the speedy trial rule applicable to the instant situation are Rule 3.191(b)(1) and Rule 3.191(e), F.R. Cr.P., which are hereinafter set forth:
"(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2)."
* * * * * *
"(e) Availability for Trial. The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew."
From a reading of Rule 3.191(b)(1) it is clear that the one year period within which an accused must be brought to trial without demand commences either: (1) when the prisoner is taken into custody as a result of the subject conduct or criminal episode or *7 (2) when the subject charge of crime is filed, whichever is earlier. It should be noted at the outset that Rule 3.191(b)(1) is applicable only in those circumstances where the accused "is imprisoned in a penal or correctional institution of this State."
It is unclear as to what circumstances the framers of this rule contemplated when reference was made to condition (1) above, i.e. when the prisoner is taken into custody as a subject of the conduct or criminal episode. Since the rule on its face contemplates that the prisoner is already in custody and serving in prison in connection with a crime other than the one for which he is currently being charged, perhaps it may necessitate a formal announcement or pronouncement that "you are now in custody" for that portion of the rule to be applicable. It may also be contemplated that such rule was intended to apply to the circumstances where a defendant was admitted to bail either awaiting trial or awaiting the outcome of an appeal.
Whatever may have been the circumstance under which condition (1) was intended to apply seems unnecessary to determine inasmuch as the instant facts fall clearly within the language of condition (2), i.e. that the one year period commences "when the subject charge of crime is filed".[1]
The crime with which defendant was charged was committed while the defendant was "confined" (although admittedly an "escape" is inconsistent with and in derogation of custody or confinement). Cf. State v. Furlong, 1972, 110 R.I. 174, 291 A.2d 267; State v. Kiggins, 1972, 86 S.D. 612, 200 N.W.2d 243; 27 Am.Jur.2d, Escape, Prison Breaking and Rescue, p. 848 et seq. When defendant departed from custody on June 28, 1974 the one year period prescribed in Rule 3.191(b)(1), supra, commenced upon the filing of the information on July 10, 1974 charging defendant with escape. Unless this one year period was tolled or otherwise extended by virtue of some other applicable provision of the speedy trial rule, the one year period which commenced on July 10, 1974 would have ended on or about July 9, 1974 thereby rendering the August 18, 1975 trial date ineffective.
It was the state's contention at the hearing on defendant's motion for discharge that the defendant was not "continuously available for trial" within the meaning of Rule 3.191(e) between July 10, 1974, the date on which the information was filed charging defendant with escape and September 14, 1974, the date on which defendant turned himself in to the authorities. Therefore, the one year period referred to in Rule 3.191(b)(1)(assertedly) did not commence until September 14, 1974 so that the trial date of August 18, 1975 was properly within the one year time period and in compliance with the speedy trial rule.
In support of this contention the state introduced a booking slip (which is not contained in the instant record on appeal) and the probable cause affidavit giving rise to the filing of the information. The affidavit stated, in part, that "defendant while on work release to Burnup & Sims Const. Co. failed to return to GCI on Friday when he was supposed to".
A reading of Rule 3.191(e) concerning "Availability for Trial" reflects that the burden is placed upon the state to demonstrate a defendant's nonavailability. See State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla.App.4th 1972). The pertinent portion of the rule provides in part that
"The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and *8 presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term."
In our opinion the affidavit, coupled with the undisputed representations (at the hearing below) that defendant walked away from his work release program on June 28, 1974, later surrendering himself to the authorities on September 14, 1974, established prima facie evidence tending to show nonavailability thereby shifting the burden to the accused to come forward with competent proof establishing continuous availability.[2] The uniqueness of the crime of "escape" like no other criminal charge creates a presumption of nonavailability. An escape presupposes an unlawful departure from custody or confinement completely inapposite to and antagonistic to "availability". While we would perceive some difficulty in a defendant coming forward with competent proof establishing availability for trial on a charge of "escape" nevertheless there may be some circumstances where availability may be proven. Nonetheless the fact remains that by virtue of uniqueness of the crime of escape an affidavit of probable cause for escape (and the information based thereon) is sufficient to establish a prima facie case of nonavailability.
Although the foregoing suggests a reversal of the order of August 18, 1975 granting defendant's motion to discharge, there are other circumstances which constrain us to affirm. As heretofore noted, the state had one year from September 14, 1974, the date on which defendant surrendered himself, to bring defendant to trial on the crime charged. Rule 3.191(b)(1), supra. The period of defendant's "nonavailability" was between July 10, 1974 and September 14, 1974. The record before us does not reflect any occurrences between September 14, 1974 and September 14, 1975 that would suggest that this one-year period was either tolled or extended.
Defendant's trial was set for August 18, 1975, which was within the one year period and on which date the trial court entered the order granting defendant's motion for discharge. Rule 3.191 and sections 924.07 and 924.071, F.S., relating to appeals by the state, contain no language suggesting that an order granting a motion for discharge tolls the operation of the speedy trial rule. In addition, the rule and statutes are silent with respect to the filing of a notice of appeal from an order of discharge; such filing does not have the effect of tolling the running of the time sequences prescribed in the speedy trial rule. See Rule 3.191(d)(2), supra; sections 924.07 and 924.071, supra; see also State v. Glidewell, 311 So.2d 126 (Fla.App.2d 1975); State v. Williams, 287 So.2d 415 (Fla.App.2d 1973).
Therefore, absent a timely filed motion (after the order of discharge) extending the speedy trial period during the pendency and disposition of an appeal, the speedy trial rule is not tolled. Although the order of discharge was entered on August 18, 1975, nothing else occurred between August 18, 1975 and September 14, 1975; therefore the one year period prescribed in Rule 3.191(b)(1) expired on September 14, 1975. The record however reflects that on September 18, 1975 the state filed a notice of appeal from the August 18 order of discharge and a motion to extend the time for trial under the speedy trial rules which motion was granted by the trial court on October 8, 1975. The filing of this motion after the time had expired under *9 the speedy trial rule and the order entered as a consequence thereof were nullities and could not have had the effect of breathing life into a form that has since expired.
We are not unmindful of the language set forth in Rule 3.191 stating, in part, that "periods of time established by this Rule for trial may at any time be waived or extended by order of the court ...". Rule 3.191(d)(2), FRCrP.[3] We are of the opinion, however, that the letter as well as the spirit of the rule would be violated if the phrase "at any time" permitted waivers or extensions after the time parimeters of the speedy trial rule had expired. The intended application of the phrase "at any time" was during the viable period of time sought to be extended and not after that time period had expired.
The speedy trial rule sets forth those circumstances under which the time sequences may be extended. Rule 3.191(d)(2), supra. See footnote 3. While there may be other factors which directly affect the running of the time sequences (see for example Rule 3.191(e) and (f), supra), the mere filing of a notice of appeal is not one of them.[4] A timely order of extension is required. In this regard we are unable to find where the circumstances of the instant case, i.e. an order granting a motion to discharge, would constitute a "mistrial" or "order of new trial" within the contemplation of Rule 3.191(g) which provides for an automatic extension under certain specified circumstances of which the instant order is not one.
It might be well to additionally observe that Rule 3.191(d)(2) permits the periods of time established by the speedy trial rule to be extended by order of the court for "a period of reasonable and necessary delay resulting from proceedings including but not limited to ... interlocutory appeals... ." Undoubtedly had the instant appeal been an "interlocutory" appeal and a motion timely filed, consideration of an extension would have been appropriate. See State v. Cannon and Hollingsworth, Fourth District Court of Appeal Case No. 75-1848 opinion filed May 14, 1976. But, even though the method of review being sought was a "plenary" appeal rather than an "interlocutory" appeal, we are of the opinion that a plenary appeal presents a circumstance within the contemplation of Rule 3.191(d)(2) (iv) so as to permit a timely filed motion to be entertained. See footnote 3. See State v. Williams, supra.[5]
The uniqueness of the circumstances of this case which involve matters of first *10 impression has necessitated a somewhat detailed consideration of the contentions of both parties.[6] It is readily apparent that the present existing language of the speedy trial rule reflects the need for amendment or revision to embrace such circumstances as escapes, orders of discharge and plenary appeals. See special concurring opinion in State v. Glidewell, supra.
In conclusion we are of the opinion that the periods of time set forth in Rule 3.191(b)(1) not having been timely extended, the order of discharge is hereby AFFIRMED. Cf. Brown v. State, 252 So.2d 842 (Fla.App.3d 1971).
AFFIRMED.
DOWNEY and ALDERMAN, JJ., concur.
NOTES
[1] It is the state's position that the second condition should be read as follows: "or when the subject charge of crime is filed if the person is already in custody". It is not the function of the court to rewrite the rules nor to ascribe a meaning to the rules which are not reasonably inferable. In order to interpret the rules as suggested by the state it would be necessary to resort to such "rewriting" or indulge in an inference or intent not otherwise gleaned therefrom.
[2] Perhaps it would have been helpful if the state had presented evidence by testimony or affidavit that efforts were made to locate the defendant to no avail and that, particularly, defendant's last known address was checked. However, it seems somewhat ludicrous to require this type of "evidence" to establish an accused's nonavailability where the very crime charged, i.e. escape, is analogous to concealment and nonavailability. Of course, at the very least, the state should have introduced the information upon which the affidavit of probable cause was based although this omission is not fatal. Cf. 13 Fla.Jur., Evidence, § 42.
[3] FRCrP 3.191(d)(2). When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of this court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.
[4] We have not overlooked the state's contention that it was not presented with a choice of either filing another information or appealing the order of discharge. In this regard see Carroll v. State, 251 So.2d 866 (Fla. 1971). The defendant having been discharged because of the running of the speedy trial rule, the state had no other alternative method except a review by appeal. Admittedly, this is not a situation where the State has elected to pursue a course of conduct which may result in an extended disposition. Nevertheless, the lack of alternatives does not govern the operation of the rule; to avoid the expiration of the periods of time under the speedy trial rule the state should timely move for an extension. See State v. Williams, supra.
[5] "... We note that clause (iv) of subsection (d)(2) provides that an extension may be granted because of a necessary delay resulting from `proceedings including but not limited to' specifically enumerated circumstances." State v. Williams, Fla.App., 287 So.2d 415, 418.
[6] The court expresses its appreciation to the Attorney General and the Public Defender's offices for furnishing this court with supplemental briefs on the various aspects of this case.