SCHWARTZ, Judge
(dissenting).
In my judgment, either way this case is analyzed, the appellant was entitled to be discharged under the speedy trial rule when his trial was not commenced on or before November 27, 1978.
(a) If the only extension of the speedy trial time is that contained in the uncompleted “order,” it seems clear that such an order, which sets no date at all by which the defendant must be tried, is not in compliance with Fla.R.Crim.P. 3.191(d)(2) and must be regarded as entirely ineffective. Cf. State v. Williams, 287 So.2d 415 (Fla. 2d DCA 1973). Under this view, the speedy trial time ran when the unextended 180-day period after the defendant’s arrest expired on September 28.
(b) If, as seems more appropriate and as the state attorney and both trial judges believed, the record is properly regarded as reflecting a specific extension to November 27, Foster was required to be tried before the end of that day. This is so because the order of extension under Fla.R.Crim.P. 3.191(d)(2) did just that — as the rule clearly provides, it “extended” the speedy trial time until that date. Respectfully, I find nothing in the rule or in the cases cited by the majority to support its conclusion that the speedy trial time was merely “tolled” during the pertinent period.