427 So.2d 461 (1983)
Hugh E. HUMPHREY
v.
Frank HUMBRECHT.
No. 5-327.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
Rehearing Denied March 17, 1983.
*462 Michael A. Dessommes, New Orleans, for defendant-appellant.
Curtis, Hyde, Mooney & McEachin, Eugene M. McEachin, Jr., Metairie, for plaintiff-appellee.
Before BOUTALL, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
Frank Humbrecht, defendant-appellant, brings this appeal from a judgment awarding Hugh Humphrey, plaintiff-appellee, $22,093.64 found due on sixteen promissory notes. Because plaintiff made out a prima facie case by production of the notes sued upon, and because defendant failed to show any set-offs or credits owing him on the indebtedness, we affirm.
The facts of this case are as follows. Plaintiff was a real estate broker who employed defendant to operate a branch office. The terms of their business agreement were basically that defendant would operate the branch office in return for one-half the net profits generated by the branch. Because the branch office failed to generate any significant profits during its approximately 22 months of operation, plaintiff advanced defendant $1,500 per month as living expenses for 16 of those months. In return, defendant issued 16 promissory notes to plaintiff. When defendant's employment was terminated, plaintiff presented the notes for payment, but they were not paid.
Thereupon, plaintiff brought this action to collect the amount of the notes, less some $1,900 which it was stipulated had been repaid. Defendant admitted to the genuineness of the notes, but raised the affirmative defense of set-offs or credits, and reconvened in the matter alleging that he had not been paid his share of the profits of the branch office, and further claiming that these unpaid profits exceeded the value of the notes by $17,500.
Trial was originally set for April 8, 1981, but due to another trial, the case was rescheduled for November 9, 1981. Notice of this November trial date was personally served on defendant's attorney on April 13, 1981.
On the day of trial, defendant could not be located by his attorney, and a continuance was sought. However, the trial court determined that defendant had sufficient notice of the trial date and refused to delay the proceedings further. Plaintiff duly produced the promissory notes, and judgment was entered in his favor.
*463 The trial court did, however, agree to hold a hearing on defendant's motion for a new trial to determine if defendant could produce new evidence, or show that he had not been notified of the second trial date and had thereby suffered prejudice. At the end of this hearing, the judge concluded that the defendant did indeed have sufficient notice of the trial date, and that he failed to produce any new evidence bearing on the allegations of his affirmative defense or reconventional demand. He therefore denied the motion for a new trial.
Defendant now brings this appeal seeking a new trial. He alleges two errors in the proceedings below. First, he contends that a new trial should have been granted on the peremptory grounds of LSA-C.C.P., art. 1972(1) in that the evidence presented at trial was insufficient to sustain a verdict in plaintiff's favor. Second, he contends that a new trial should have been granted on the discretionary grounds of LSA-C.C.P. art. 1973, in that he was penalized by the inadvertence of his attorney in failing to properly notify him of the trial date.
We find no merit in appellant's contention that there was insufficient evidence to sustain a verdict in plaintiff's favor. In a suit on promissory notes, where an affirmative defense and reconventional demand are raised, it is sufficient for plaintiff to simply produce the notes sued upon to make out a prima facie case. Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3rd Cir. 1973). The burden then shifts to defendant to prove any set-offs or credits on the debt.
Here, plaintiff duly produced the notes and they were admitted by defendant to be genuine. The question therefore is whether defendant bore his burden of proving any set-offs or credits. From the record of the trial, we can only conclude that he did not, and we therefore find nothing erroneous in the judgment in plaintiff's favor.
Appellant argues here, however, that there was a verbal contract between the parties by which the payments secured by the notes were to be considered in the nature of a drawing or open account. He further contends that since plaintiff failed to put on bookkeeping evidence to show the actual indebtedness, that he failed to meet his burden of proof. To this argument we need only reiterate that the promissory notes were sufficient in themselves to make a prima facie showing of indebtedness. It was defendant who was attempting to show the existence of some verbal contract, which entitled him to set-offs or credits; this he failed to do.
Defendant cannot now complain that the plaintiff failed to rebut defendant's affirmative defense or reconventional demand when defendant presented no evidence to support either claim.
In his second assignment of error, defendant alleges that his attorney's failure to notify him of the trial prejudiced his case in that he could not testify on his own behalf as to the contractual arrangement between himself and plaintiff, and therefore could not establish the set-off or credit. This allegation is also without merit.
We initially note that defendant's attorney was personally served with notice of trial, and that under LSA-C.C.P. arts. 1313-1314, such notice is sufficient as to a party to a suit. We must therefore conclude that defendant had legal and proper notice of the trial date through his attorney.
Appellant argues, however, that even if notice was sufficient as a matter of law, he cannot be held responsible for the inadvertence of his attorney in not attempting to contact him until two weeks before trial. While we might be sympathetic to this argument in another context, we reject it here. The record clearly indicates that appellant could not have proved his case for a credit or set-off even had he been present, because he had simply not prepared his case for trial.
At the hearing for a new trial held on December 15, 1981, some five weeks after trial, defendant sought to introduce evidence which he claims would have proved his affirmative defense or reconventional *464 demand. This evidence was simply a compilation of the bookkeeping records of the branch office which plaintiff produced at trial in response to a subpoena duces tecum served on him by defendant. Defendant's single assertion here is that his compilation shows that plaintiff's accountant was simply wrong in showing a loss of over $17,000, instead of a profit of $56,000 at the branch office. Whatever the truth of this assertion, it came too late to be considered by the court below, and the evidence was properly excluded at the hearing for a new trial. We so conclude because during discovery, plaintiff repeatedly, but in vain, sought any evidence with which defendant was to prove his reconventional demand. In response to these requests for discovery, defendant did suggest that such evidence was contained in the bookkeeping records of the branch which were in plaintiff's possession. Yet at no time before either the original April 8, 1981, or the later November 9, 1981, trial dates did defendant ever seek to examine those records. Instead, he waited for the records to be produced at trial, then spent some five weeks after trial in compiling those records, and finally came into court alleging that the records were in error in his favor in the amount of some $73,000. Under these circumstances, we do not find that the trial judge abused his discretion in denying the motion for a new trial. Scarbrock v. Fowler, 317 So.2d 285 (La.App. 3rd Cir.1975).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.