MAX N. TOBIAS, JR., Judge, Ad Hoc.
| Theresa K. Lewis, the plaintiff, appeals a judgment of the Twenty-Second Judicial District Court for the Parish of St. Tammany that dismissed her suit on a motion for summary judgment against Joseph Busby, ordered her to pay court costs and attorney’s fees, and overruled her exceptions. For the reasons that follow, we affirm the dismissal of her suit and the award of court costs against her, but reverse the award of attorney’s fees and the trial court’s overruling of the exceptions. Facts.
Theresa Lewis alleges that on 20 November 2004 she was employed as a cashier at Danny and Clyde’s Food Store (“Danny & Clyde’s”) in Slidell when the defendant, Joseph Busby, robbed her at gunpoint. She alleges that Mr. Busby, who she and another subsequently identified as the perpetrator in a photographic line-up, pointed a gun at her, cocked the hammer of the gun, and threatened that if she told anyone he would return and kill her. As a result, she maintains that the incident exacerbated her pre-existing psychiatric condition, causing her emotional harm that resulted in “panic, anxiety, mental trauma, fear, depression, nightmares and the like.”
|2The Louisiana Safety Association of Timbermén — Self Insurance Fund intervened in the suit alleging that it was the workers’ compensation insurer of Ms. Lewis’ employer, Danny & Clyde’s, and that in the event of a recovery by Ms. Lewis, it was entitled to recover as a priority creditor such sums as it may pay or have paid in workers’ compensation benefits to Ms. Lewis. However, it does not appear from the record before us that Ms. Lewis ever made a claim against Danny & Clyde’s workers’ compensation insurer or that workers’ compensation benefits were ever paid.
Mr. Busby answered Ms. Lewis suit denying her allegations and asserting an affirmative defense of mistaken identity. He further asserted a reconvention demand against Ms. Lewis, alleging that she was maliciously prosecuting her civil suit, causing him mental and physical pain, humiliation, and embarrassment. He alleged that the state had refused to charge him with the crime because he presented exculpatory alibi evidence consisting of witnesses, fingerprints, and a surveillance video, all of which established that Ms. Lewis had no probable cause to continue her suit. Additionally, he requested La. C.C.P. art. 863 sanctions because her suit was no longer warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and was interposed for the improper purpose of extorting money from him and to cause needless litigation.
Ms. Busby filed a dilatory exception of prematurity and a peremptory exception of no cause of action to Mr. Busby’s recon-ventional demand, asserting that her claim had to be resolved first (Mr. Busby had to obtain a dismissal of her claims) before his claim of malicious prosecution could be properly pleaded. She further denied the allegations of- Mr. Busby’s reconventional demand and asserted that the district attorney’s refusal to | ^charge Mr. Busby did not establish his innocence of the crime because the standard of proof in a civil case is different from that of a criminal ease.
Approximately two months after Ms. Lewis filed suit and less than a month after he filfed his answer and reconventional demand, Mr. Busby filed a motion for summary judgment, praying that Ms. Lewis’ suit be dismissed. In his motion and documented by exhibits and affidavits *668 [1] Mr. Busby asserted that Ms. Lewis had identified him from a mere photographic line-up, that he had videotape evidence from a bar in Lafayette, Louisiana that established that he was at the bar at the same time the robbery was committed, that Slidell police had authenticated the videotape from the bar, that fingerprints of the perpetrator taken from the scene of the crime were not his, that Ms. Lewis’ description of the perpetrator from the night of the robbery varied materially from the physical characteristics of him, and that Slidell was more than two and one-half hours away from Lafayette where he was videotaped entering the bar and remaining there for about thirty-six minutes.
Ms. Lewis filed an opposition to the motion, asserting that Lafayette was indeed more than two and one-half hours from Slidell by motor vehicle (implying that other faster means of transportation existed), that a customer in Danny & Clyde’s at the time of the robbery had also picked out Mr. Busby from a photographic line-up as the perpetrator, that discovery was incomplete for Mr. Busby had not yet responded to interrogatories and requests for production of documents that Ms. Lewis had submitted, and that the videotape attached to Mr. Busby’s- motion was not authenticated. Simultaneously with the filing of the opposition, Ms. Lewis filed a motion to | ¿compel answers to her discovery and requested additional discovery. Ms. Lewis submitted no affidavit or other evidence with her opposition to the motion for summary judgment.[2]
Mr. Busby responded to Ms. Lewis’ opposition by furnishing additional affidavits from various individuals including police officers and the manager of the Lafayette bar, all of which were filed less than fifteen days prior to the hearing on the motion for summary judgment.
Following a hearing, the trial court granted Mr. Busby’s motion for summary judgment, dismissing with prejudice, Ms. Lewis’ suit, awarded court costs and attorney’s fees on the motion for summary judgment, overruled Ms. Lewis’ exceptions of prematurity and no cause of action, and denied the cross motions for sanctions filed by both Mr. Busby and Ms. Lewis.[3]
On appeal, Ms. Lewis assigns three errors: (1) the trial court erred in granting the motion for summary judgment; (2) the trial court erred in awarding court costs and attorney’s fees in favor of Mr. Busby; and (3) the trial court erred in overruling the plaintiffs exceptions to the defendant’s reconventional demand.

Discussion.

Assignment of Error No. 1: The trial court erred in granting the motion for summarg judgment.

A court of appeal reviews the ruling of a trial court on a motion for summary judgment de novo under the same criteria that govern the trial |ficourt’s determination of whether the summary judgment should be granted. Adams v. Arceneaux, 00-1440, pp. 3-4 (La.App. 1 Cir. 6/22/01), 809 So.2d 190,194.
The record on appeal reflects that Ms. Lewis filed no affidavit alleging facts that *669 would contradict the affidavits attached by Mr. Busby to his motion. Moreover, Ms. Lewis filed an opposition memorandum that asserted by way of argument that material facts existed that preclude summary judgment, to-wit, that both Ms. Lewis and a store customer picked Mr. Busby out in a photographic line-up, that discovery had just begun and that responses to discovery requests were received the week before the hearing, and that certain affidavits were transmitted to counsel for the plaintiff less than fifteen days prior to the hearing in violation of Rule 9.9, Subsection A, of the Uniform Rules of District Court.
La. C.C.P. art. 967 B provides as follows:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Thus when a motion for summary judgment is “made and supported as provided above,” a party may not rely upon his pleadings but must by “affidavit, or as otherwise provided, set forth specific facts showing that there is a genuine issue for trial.” The inverse implication is that if an unsupported motion for summary judgment is made, then the opposing party may rely upon his pleadings. Sheppard v. City of Baton Rouge, 02-2421, p. 3 (La. App. 1 Cir. 9/17/04), 897 So.2d 25, 27.
| (¡Viewing only the original motion for summary judgment and without considering the newspaper articles that were attached to the motion and the unauthenticated (at the time) videotape purportedly showing Mr. Busby in Lafayette at the time of the crime, we find Mr. Busby’s affidavit, self-serving though it may be, was sufficient to shift the burden of proof to Ms. Lewis to come forth with evidence that would have created a genuine issue of material fact whether Mr. Busby was the perpetrator of the crime. On that basis, we do not find that the trial court erred in granting the motion for summary judgment. Ms. Lewis’ failure introduce evidence requires this appellate court to affirm the trial court for we have no evidence as to an error of law or a clear abuse of a trial court’s vast discretion.[4] Further, we do not find that the trial court abused its vast discretion in proceeding to hear the motion for summary judgment although minimal discovery had been completed and the motion for summary judgment had been filed within approximately two months after the plaintiff filed suit.[5]
Based upon the record before us, we conclude that Ms. Lewis’ first assignment of error is without merit.

*670
Assignment of Error No. 2: The trial court erred in awarding court costs and attorneg’s fees to Mr. Busby and against Ms. Lewis.

We find no error in or abuse of discretion by the trial court in its award of court costs to Mr. Busby and against Ms. Lewis. La. C.C.P. art. |71920 specifically permits the trial court to award court costs to the prevailing party in the judgment rendered.
As a matter of law, attorney’s fees are not recoverable when a trial court grants a motion for summary judgment. La. C.C.P. arts. 966-969. Although attorney’s fees may be awarded when a trial court finds that sanctions under La. C.C.P. art. 863 are appropriate, we specifically note that the trial court denied the motion for sanctions sought by the parties. Therefore, the trial court erred in awarding attorney’s fees to Mr. Busby.
Accordingly, we find that a part of the plaintiffs second assignment of error is without merit and a part has merit.

Assignment of Error No. 3: The trial court erred in dismissing Ms. Lewis’ exceptions of prematurity and no cause of action.

Ms. Lewis asserts that the trial court erred in overruling her exceptions of prematurity and no cause of action raised to Mr. Busby’s reconventional demand for malicious prosecution. In substance, both exceptions raise the same issue: if Mr. Busby’s reconvention for malicious prosecution is premature, then he also presently fails to state a cause of action for malicious prosecution.
In Robinson v. Goudchaux’s, 307 So.2d 287, 289 (La.1975), quoting Eusant v. Unity Industrial Life Ins. Ass’n., 195 La. 347, 196 So. 554 (1940), the Court stated:
An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the-present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for | Ssuch proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff.
Applying these standards to the case at bar, we find that Mr. Busby’s reconven-tional demand is in fact premature until the underlying civil suit that Ms. Lewis filed has been disposed of. Because the criminal prosecution of Mr. Busby has been, so to speak, terminated because the St. Tammany Parish district attorney has refused charges does not conclusively prove that Mr. Busby might not for civil suit purposes be liable to the plaintiff. The standards of proof for criminal and civil cases are different: beyond a reasonable doubt in the former and a preponderance of the evidence in the latter. Further, if additional evidence later comes to the attention of law enforcement that implicates Mr. Busby in the robbery of 20 November 2004, the district attorney may well again charge Mr. Busby with committing the crime.
We therefore reverse the judgment of the trial court overruling the exceptions of prematurity and no cause of action. The assignment of error has merit, but of course, once the decision of this court in this case becomes definitive, Mr. Busby may once again file suit for malicious prosecution if he finds that he might prevail. But see La. R.S. 14:50(2); cf., La. C.C.P. art. 863.

Conclusion.

For the foregoing reasons and based upon the errors assigned, we affirm the *671 granting of the motion for summary judgment, affirm the award of court costs to the defendant/appellee, reverse the trial court’s award of attorney’s fees to the defendant/appellee, reverse the trial court’s overruling of the exceptions of prematurity and no cause of action, and render judgment |9dismissing without prejudice the defendant/appellee’s recon-ventional demand.

AFFIRMED IN PART; REVERSED IN PART; RENDERED IN PART.

. We do not address the admissibility of certain evidence (documentation), which consists primarily of newspaper articles that state that the district attorney had refused to accept charges against Mr. Busby. See La. C.E. arts. 802, 803 and 902.

. We note that Ms. Lewis' original petition was not verified, being merely signed by her counsel.

. The record before us does not demonstrate that the intervenor was noticed for the hearing and was apparently not present.

. In her-brief on appeal, Ms. Lewis asserts, as she did in the trial court, that she was not served with the motion for summary judgment as required by law. We do not find in the record before us evidence that the motion was served in the manner' proved by law. Nevertheless, Ms. Lewis did not assign as error the lack of service of the motion for summary judgment as required by Rule 2-12.4 of the Louisiana Uniform Rules of the Courts of Appeal. Accordingly, we deem the issue of inadequate service waived, having not been specifically assigned as error. Cf., La. C.C.P. art. 2129

. In oral argument before the trial court, counsel for Mr. Busby advised the court that she had previously communicated with Ms. Lewis’ counsel about other evidence that she had that Mr. Busby was not the perpetrator of the robbery. ' Counsel for Ms. Lewis does not dispute the oral communications, which were corroborated in part by the late filed affidavits.