NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1258


MIDSOUTH BANK, NA

VERSUS

RICHARD G. DAVID


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 119723
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Lynward James Angelle, Jr.**
**P. O. Box 3745**
**Lafayette, LA 70502**
**Telephone: (337) 667-6710**
**COUNSEL FOR:**
     **Plaintiff/Appellee - MidSouth Bank, NA**

**Ed W. Bankston**
**P. O. Box 53485**
**Lafayette, LA 70505**
**Telephone: (337) 237-4223**
**COUNSEL FOR:**
     **Defendant/Appellant - Richard G. David**

**THIBODEAUX, Chief Judge.**

In this action on a promissory note, Richard G. David appeals the trial court's judgment in favor of MidSouth Bank, N.A. Mr. David asserts that during pendency of a community property partition dispute, the trial court granted his ex-wife, Dione David, exclusive control of the couple's business and of their business line of credit at MidSouth. Mr. David argues that Ms. David is solely responsible for the debt to MidSouth. We disagree. For the following reasons, we affirm the judgment of the trial court.

I.

**ISSUE**

We will consider whether the trial court erred in granting summary judgment in favor of MidSouth.

II.

**FACTS AND PROCEDURAL HISTORY**

While married, Mr. and Ms. David jointly executed a promissory note with MidSouth in the principal sum of $25,000.00. Following their divorce, MidSouth filed a Petition on Promissory Note. MidSouth named both Mr. David and Ms. David as defendants. MidSouth alleged that the Davids defaulted on their payments and that $22,370.44 remained outstanding. MidSouth executed personal service on Mr. David; however, MidSouth failed to serve Ms. David.

Mr. David answered the petition and generally denied all allegations. MidSouth then moved for summary judgment against Mr. David. MidSouth supported its motion with an affidavit of Chantell Blanchard, its collections officer.

Ms. Blanchard affirmed that Mr. David is indebted to MidSouth in the sum of $22,541.73, plus interest, attorney fees, and costs.[1]

The trial court held a hearing on the motion for summary judgment in February 2012. Neither Mr. David nor his attorney appeared for the hearing, and Mr. David filed no opposing affidavits or arguments. The trial court granted summary judgment in favor of MidSouth and ordered Mr. David to pay the $22,541.73 debt, plus interest, late charges, costs, and attorney fees.

In March 2012, Mr. David moved to reopen the summary judgment. He argued that on the day of the summary judgment hearing, he was in the courthouse hallway and was not summoned into court. He asserted that essential evidence was not included in the record. MidSouth opposed reopening the summary judgment. It argued that Mr. David's attorney received all pleadings before the hearing, was aware of the hearing date, and chose to sit in the hallway of the courthouse.

The trial court conducted a hearing on Mr. David's motion and allowed him to testify on the record. During the hearing, Mr. David testified that he was not responsible for the debt to MidSouth. Much of his testimony regarded the community property partition between himself and Ms. David. Specifically, he argued that Ms. David was in sole control of the MidSouth line of credit and that she failed to follow the court's orders regarding administration of the line of credit. Thus, he argued Ms. David was the only proper defendant in MidSouth's action.

Following the hearing, the trial court allowed both parties to submit briefs on Mr. David's allegations and on whether Mr. David could be excused from

_____

[1] We note that MidSouth's petition references a debt of $22,370.44, but both Ms. Blanchard's affidavit and the order granting summary judgment reference a debt of $22,541.73.

liability on the note or whether the matter should be stayed. MidSouth responded and reurged its Motion for Summary Judgment. Mr. David opposed MidSouth's Motion for Summary Judgment but failed to support his opposition memorandum with any suitable evidence, in accordance with La.Code Civ.P. arts. 966 and 967. The trial court granted MidSouth's Motion for Summary Judgment. Mr. David appeals.

III.

## LAW AND DISCUSSION

### Standard of Review

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06–1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more elements essential to the non-mover's case. La.Code Civ.P. art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied,* 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id*.

3

**Discussion**

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544; *see* La.Code Civ.P. art. 966.

The parameters of a motion for summary judgment have been described by the supreme court as follows:

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C. P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the legislature enacted La. C.C.P. art. 966 C(2), which further clarified the burden of proof in summary judgment proceedings, providing:
>
> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
>
> This amendment, which closely parallels the language of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the

4

burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. [(Citation omitted)].

*Babin v. Winn-Dixie Louisiana, Inc.*, 00-78, pp. 3-4 (La. 6/30/00), 764 So.2d 37, 39-40; *See also*, *Wright v. Louisiana Power & Light*, 06-1181, p. 16 (La. 3/9/07), 951 So.2d 1058.

The motion for summary judgment at issue here arose in the context of a suit on a promissory note. In a suit on a promissory note, the plaintiff must merely produce the note in question to make out a prima facie case. The burden then shifts to the defendant to prove any affirmative defenses. *Merchants Trust & Sav. Bank v. Olano*, 512 So.2d 1218 (La.App. 5 Cir. 1987); *Humphrey v. Humbrecht*, 427 So.2d 461 (La.App. 5 Cir. 1983), *writ denied,* 433 So.2d 1052 (1983). In this case, the existence of the note and the debt it represented are not contested.

Since MidSouth met its burden, the burden shifted to Mr. David to present evidence showing that issues of material fact exist. When the moving party has supported a motion for summary judgment with affidavits, the opposing party may not rely on general denials in his brief or opposition memorandum to create a genuine issue of material fact. *Lewis v. Busby*, 05-2242 (La.App. 1 Cir. 9/27/06), 946 So.2d 665; *Tangi Ready Mix Concrete Co. v. Edwards*, 336 So.2d

232 (La.App. 1 Cir. 1976). Allegations without substance do not preclude summary judgment. *Malveaux v. City of Lafayette*, 96-191 (La.App. 3 Cir. 8/28/96), 679 So.2d 1025, *writ denied*, 96-2386 (La. 12/6/96), 684 So.2d 929. Moreover, "oral testimony should not be received or considered in deciding a motion for summary judgment." *Trahan v. Teleflex*, 05-943, p. 6 (La.App. 3 Cir. 2/1/06), 922 So.2d 718, 722, *writ denied*, 06-503 (La. 5/5/06), 927 So.2d 320 (quoting *Lewis v. Rodriguez*, 95-1035, p. 5 (La.App. 3 Cir. 3/20/96), 671 So.2d 1062, 1064-65).

Here, in addition to oral testimony, Mr. David only provided a transcript from a prior hearing in a community property matter. This evidence is not proper evidence for adjudication of summary judgment. Thus, because Mr. David failed to provide any competent evidence opposing the summary judgment, we affirm the judgment of the trial court.

IV.

**CONCLUSION**

For the reasons articulated above, we affirm the judgment of the trial court. Costs of this appeal are assessed against Richard G. David.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.